United States District Court
Southern District of Texas
FILED

JUN 30 2015

Clerk of Court

UNDER SEAL

**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| IN THE MATTER OF §<br>THE EXTRADITION OF §<br>§<br>ENRIQUE J. CASTELLANOS §<br>DE LA GARZA and ENRIQUE JAVIER §<br>CASTELLANOS § | Case No. M-15-1057-M-01 |

**COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. § 3184)**

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I act for and on behalf of the Government of Mexico (Requesting State);

2. There is an extradition treaty in force between the United States and Mexico, 31 U.S.T. 5059, TIAS 9656;

3. The extradition treaty between the United States and Mexico provides in Article 11 for the provisional arrest of alleged fugitives pending the submission of a formal request and supporting documents;

4. In accordance with Article 11 of the extradition treaty, the Requesting State has asked the United States, through diplomatic channels, for the provisional arrest of ENRIQUE J. CASTELLANOS DE LA GARZA (DE LA GARZA) and his son, ENRIQUE JAVIER CASTELLANOS (JAVIER CASTELLANOS), with the objective of their extradition;

5. According to the information provided by the Requesting State in the form authorized by the extradition treaty, DE LA GARZA and his son, JAVIER CASTELLANOS, are charged in

1

the State of Jalisco, Mexico, with Generic Fraud, in violation of Articles 250 and 251, Section III, of the Penal Code of the State of Jalisco, Mexico. On January 14, 2011, the Seventh Judge for Criminal Matters of the First Judicial District of Jalisco, Mexico, issued a warrant for the arrest of DE LA GARZA and JAVIER CASTELLANOS as part of criminal case number 02/2011-B.

6. As set forth in Diplomatic Note 005799, dated October 7, 2014, and as supplemented by information provided to the United States Department of Justice by the Procuraduría General de la República (Office of the Attorney General) of Mexico, DE LA GARZA and JAVIER CASTELLANOS, of Hidalgo, Texas, held themselves out as the General Director and General Manager, respectively, of a truck and heavy machinery dealership, Comercializador Internacional de Camiones y Maquinaria, S.A. de C.V. (Comercializador International). DE LA GARZA and JAVIER CASTELLANOS negotiated the sale of four Freightliner Century trucks with the complaining witness, Isaias Romeros Lamas (Romeros Lamas), for $440,000 Mexican pesos (approximately $28,500 USD) per truck, for a total, after taxes and additional fees, of $1,870,800 Mexican pesos (approximately $121,000 USD). Romeros Lamas entered this business agreement in his capacity as legal representative of a Mexican corporation, Grodt, S.A. de C.V. (Grodt). In exchange for $1,870,800 Mexican pesos, DE LA GARZA and JAVIER CASTELLANOS agreed to deliver to Romeros Lamas four trucks with the vehicle taxes paid and license plates issued in Grodt's company name. DE LA GARZA and JAVIER CASTELLANOS, however, delivered four trucks with altered Vehicle Identification Numbers (VIN) (the 10th digit in all four VIN stickers was altered with the number "4" inserted where previously there had been a letter), counterfeit registration cards, and license plates that were assigned to other trucks.

Approximately four months prior to the delivery of the trucks, on October 23, 2006, Romeros Lamas visited Comercializador International's website which offered trucks and heavy machinery for sale in an effort to purchase trucks for Grodt, a licensed and lawfully incorporated Mexican company. The website listed DE LA GARZA as the General Director and JAVIER CASTELLANOS as the General Manager of this Hidalgo, Texas business. Romero Lamas spoke with both DE LA GARZA and JAVIER CASTELLANOS telephonically about the four trucks listed for sale on their website, his (Romero Lamas') interest in purchasing the four trucks, and both the father and son gave detailed information about the trucks to Romero Lamas. On November 7, 2006, Romero Lamas received an official quote signed by DE LA GARZA. Romero Lamas subsequently visited JAVIER CASTELLANOS' office in Hidalgo, Texas, and made additional phone calls to both DE LA GARZA and JAVIER CASTELLANOS and conversed with both of them so as to coordinate the purchase of the trucks. Romero Lamas and DE LA GARZA ultimately agreed upon a purchase price of $440,000 Mexican pesos per truck, totaling $1,870,800 Mexican pesos, including fees and taxes.

On November 14, 2006, Romero Lamas purchased the trucks electronically from Guadalajara, Jalisco. That same day, Romero Lamas transferred half of the total purchase amount to a Banamex account ($931,600.00 Mexican pesos), per JAVIER CASTELLANOS' request. On December 7, 2006, Romero Lamas made the second transfer in the amount of $939,200.00 to the same account.

In late January 2007 the first two trucks, along with their registration and license plates, were delivered to Romero Lamas in Guadalajara, Jalisco, and in mid-February the final two trucks were delivered. However, when Romero Lamas attempted to register the four trucks, the Secretariat of Communications and Transportation informed him that the registration and license

plates for the four trucks already belonged to four different trucks. Romero Lamas then contacted DE LA GARZA to demand an explanation and DE LA GARZA wrote to Romero Lamas an e-mail in February 2007 assuring Romero Lamas that the registration and license plates of all four trucks were correct and proper and that he (Romero Lamas) should request assistance from the Mexican authorities. However, the Secretariat of Communications and Transportation in Mexico, had already informed Romero Lamas that the registration and plates were already assigned to four different trucks and could not be assigned to the four trucks that Romero Lamas had purchased from DE LA GARZA and JAVIER CASTELLANOS.

Following DE LA GARZA's February 2007 e-mail to Romero Lamas, Romero Lamas was never again able to successfully contact either DE LA GARZA or JAVIER CASTELLANOS despite repeated attempts, including faxes and telephone calls to both men requesting a refund on the full purchase price.

On October 18, 2007, an expert from the Jalisco Institute of Forensic Sciences of the Attorney General's Office of Jalisco State issued an expert vehicle identification report in which he concluded that the VIN for all four trucks had been altered to display the number "4" in the 10th digit. In addition, Mexican investigators discovered that Romero Lamas' November and December 2006 bank transfers, totaling $1,870,800.00 Mexican pesos, has been promptly withdrawn from DE LA GARZA and JAVIER CASTELLANOS' Banamex bank account.

7. Isaias Romeros Lamas participated in an identification proceeding on March 11, 2014, and identified a photograph of ENRIQUE J. CASTELLANOS DE LA GARZA as the man who is described above as actively participating in the fraudulent sale of four trucks.

8. Fraud is an extraditable offense under Article 2, Paragraph 1, of the Extradition Treaty between the United States and Mexico, and Item 8 of the Treaty's Appendix.

UNDER SEAL

9. ENRIQUE J. CASTELLANOS DE LA GARZA is a naturalized United States citizen. The Requesting State has provided the photograph that Romero Lamas identified as ENRIQUE J. CASTELLANOS DE LA GARZA.

12. ENRIQUE J. CASTELLANOS DE LA GARZA is currently located in Texas. The United States Marshals Service has current detailed location and identification information.

13. A resultant disclosure of the existence of this complaint and said warrant may cause ENRIQUE J. CASTELLANOS DE LA GARZA to flee or may put the arresting officers in greater danger; consequently, the undersigned complainant requests that this complaint and requested warrant be placed UNDER SEAL until the arrest of ENRIQUE J. CASTELLANOS DE LA GARZA and ENRIQUE JAVIER CASTELLANOS or until further order of the Court.

WHEREFORE, the undersigned complainant requests that a warrant for the arrest of ENRIQUE J. CASTELLANOS DE LA GARZA be issued in accordance with Title 18 of the United States Code, §3184, and the Extradition Treaty between the United States and Mexico; and that, upon such hearing as is required by federal law, if the Court deems the evidence sufficient under the provisions of the treaty to sustain the charges for which extradition is sought, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of ENRIQUE J. CASTELLANOS DE LA GARZA to the appropriate authorities of Mexico. The United States also requests that the Court take such other actions as may be required under the provisions of the treaty and the laws of the United States.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
Kristen J. Rees
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 30th day of June, 2015, at 3:13 pm.

_____
United States Magistrate Judge

6